HON. JOSEPH A. HAMERMAN Village Attorney, Spring Valley
We acknowledge receipt of your letter requesting our opinion as to whether the mayor or the village board of trustees has authority to make an appointment to fill a vacancy in the office of member of a village planning board.
On April 11, 1974, this office issued an informal opinion to Honorable John Gross, Village Attorney of Northport, New York, in which five questions were dealt with, one of which related to whether a mayor or village board of trustees had authority to appoint members of a village planning board. We concluded in that opinion that the authority to appoint was placed by Village Law §7-718, with the board of trustees. Village Law § 7-718, as it then read, authorized and empowered a village board of trustees to appoint a planning board of five members; it authorized the board of trustees to remove any member of such planning board for just cause after a public hearing; and it authorized the board of trustees to fill a vacancy in the office of member of the planning board. Subsequent to the issuance of the opinion, Village Law § 7.718 was amended by chapter 544 of the Laws of 1974, which became effective on May 23, 1974. As the statute now reads, the board of trustees may establish a planning board of five members, the provisions giving the board of trustees the power to appoint members has been eliminated from the statute; the power of removal of a member of the board has been placed with the village mayor; and the section no longer contains provisions for filling vacancies in the office of member of a village planning board.
In our opinion, the provisions of Village Law § 3-308, subdivision 5, now control who has the power of appointment of members of the village planning board and that section places the power of appointment with the mayor, subject to the approval of the board of trustees; and the provisions of Village Law § 3-312, relating to authority to fill vacancies in office caused other than by expiration of the terms thereof, are controlling and, under subdivision 3 of that section, that authority lies with the mayor of the village.
To the extent that the foregoing is not in harmony with our informal opinion of April 11, 1974, that opinion is superseded as it no longer correctly expresses the law.